IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DORIS LEGGETT**                                                                     **PLAINTIFF**

v.                                                   CIVIL ACTION NO. 3:23-cv-290-CWR-FKB

**POPULUS GROUP, LLC; AND**
**GENERAL MOTORS LLC**                                        **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Doris Leggett, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violation of her rights under Title VII of the Civil Rights Act of 1964 for race discrimination, violation of her rights under 42 U.S.C. § 1981 for race discrimination, and violation of her rights for age discrimination under the Age Discrimination in Employment Act of 1967 against Defendant Populus Group, LLC and Defendant General Motors LLC. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1. Plaintiff, Doris Leggett, is a 59-year-old black female who resides in Hinds County, Mississippi.

2. Defendant, Populus Group, LLC, is a Michigan limited liability company licensed to do business in the state of Mississippi that may be served with process through its registered agent: Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

3. Defendant, General Motors LLC, is a Delaware limited liability company licensed to do business in the state of Mississippi that may be served with process by

1

serving its registered agent: Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

## JURISDICTION AND VENUE

4. This Court has federal question and civil rights jurisdiction for actions that arise under Title VII and the Age Discrimination in Employment Act of 1967.

5. This Court has personal and subject matter jurisdiction over the Defendants and venue is proper in this Court.

6. Plaintiff timely filed a Charge of Discrimination, charge number 423-2023-00137, with the EEOC on March 8, 2023, for race Discrimination and age discrimination, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on March 10, 2023, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely filed a second Charge of Discrimination, charge number 423-2023-00830, with the EEOC on March 21, 2023, for race Discrimination and age discrimination, a true and correct copy of which is attached as Exhibit "C." The EEOC issued a Notice of Right to Sue on April 6, 2023, a true and correct copy of which is attached as Exhibit "D." Plaintiff timely files this cause of action within ninety (90) days of receipt of her Dismissals and Notice of Rights.

## STATEMENT OF FACTS

7. Plaintiff is a 59-year-old black female resident of Hinds County, Mississippi.

8. Plaintiff was hired on July 14, 2014, as an Administrative Assistant at Populus Group, LLC.

9. On or about August 22, 2022, General Foreman Supervisors William

Nelson (black male) and Mike Grills (white male) were in the office.

10. Plaintiff went into the office and left some documentation for Mr. Nelson and Mr. Grills to review and sign.

11. When Plaintiff returned to her desk, Security Guard Daphne Terrell called Plaintiff and told her a supplier was in the lobby asking for her.

12. Plaintiff referred Ms. Terrell to call Mr. Nelson.

13. About 15 minutes later, General Motors (GM) Plant Manager Randall House (white male) arrived.

14. Plaintiff went to the security office where Mr. Nelson and Ms. Terrell were discussing the safety talk sheet.

15. Plaintiff asked to swap the safety talk sheets.

16. Mr. Nelson became angry and yelled at Plaintiff and told her to leave.

17. Plaintiff returned to her desk.

18. A few minutes later, Mr. Nelson brought the safety talk sheet to her desk.

19. Mr. Nelson then requested Plaintiff come to his office.

20. Plaintiff refused to come to Mr. Nelson's office.

21. Plaintiff then took the safety talk sheet to Mr. House.

22. Mr. Nelson came in and began accusing Plaintiff of being disrespectful.

23. Plaintiff then left Mr. House's office.

24. On August 23, 2022, Mr. Nelson came to Plaintiff's desk and asked to talk.

25. They were both busy, however, and unable to talk that day.

26. On August 26, 2022, Plaintiff went into Mr. Nelson's office.

27. Supervisor Alex Foreman was in the office with Mr. Nelson.

28. Plaintiff asked Mr. Nelson if he could talk then.

29. Mr. Nelson said yes.

30. Mr. Nelson said he had not been able to sleep and that he considered Plaintiff like a little sister to him.

31. Mr. House entered the office and the conversation ended.

32. Later, Mr. Nelson and Plaintiff continued the conversation.

33. Mr. Nelson explained that he needed to place a write up in her file with General Motors Human Resources, i.e., Populus has a contract with GM.

34. He further stated that he did not want to go through with it, but he was forced to do it.

35. About 10 minutes later, Plaintiff spoke with Mr. House and asked him about the write up.

36. Later that day, Plaintiff called Employee Relationship Specialist Courtney Hough and asked for a meeting to discuss a recent incident between her and some co-workers.

37. Ms. Hough referred Plaintiff to talk to Human Resources Representative Lauren Bulthuis.

38. Ms. Bulthuis called Plaintiff and asked for a meeting regarding the recent incident after which a write-up was placed in Plaintiff's personnel file.

39. In the days that followed, Plaintiff noticed that many of her job duties were being taken over by Inventory Control Clerk Kimberly Montgomery (about 40-year-old white female).

40. On September 21, 2022, a teleconference meeting was held between Ms.

Bulthuis, Plaintiff, and Mr. House.

41. During that meeting, Mr. House referred generally to the incident and alleged that "we all can learn from it" and "we all are unprofessional sometimes".

42. Mr. House stated that they had made some changes to Plaintiff's schedule.

43. Then the meeting ended.

44. On October 19, 2022, Plaintiff received an email from GM Employee Relations Investigator Alexander McCallum (white male).

45. The email stated to let her manager know that Plaintiff will be in a video call meeting for 30 minutes on October 20, 2022.

46. That same day, Plaintiff emailed and agreed to meet with Mr. McCallum at the appointed time.

47. While Plaintiff was reading this email (from Mr. McCallum), Mr. House walked around behind her and attempted to read the email.

48. Plaintiff closed the email to prevent Mr. House from seeing it.

49. Mr. House then directed Plaintiff to forward the email to General Motors Human Resources Director Steve Saults (white male).

50. Plaintiff did not forward the email to Mr. Saults.

51. On October 20, 2022, Plaintiff met with Mr. McCallum for the video call.

52. Mr. McCallum asked if Mr. Saults had asked her not to talk to GM Shop Chairman Shellie Thomas.

53. Ms. Thomas was the United Auto Workers (UAW) Chairperson.

54. Plaintiff responded yes and provided an email dated June 22, 2022, from

Mr. Saults to Plaintiff and others supporting this fact.

55. Mr. Saults email had the Subject heading, UAW Leadership Communications, and stated, "It has come to my attention that you are reacting/obeying UAW leadership requests/direction. As this is an extremely important issue, please comply with the following direction without exception: Do not respond to any request and/or direction form (sic) any member of UAW leadership; If you are contacted by any member of UAW leadership, refer that representative to Randy House or I. Please comply without exception. This includes meetings, discussion requests, data requests, etc. Either Randy or I will communicate any approved actions that we are requesting of you."

56. On October 24, 2022, Security Guard Nicole Barrett informed Plaintiff that she had been terminated, effective October 21, 2022.

57. Plaintiff called Ms. Hough and Ms. Hough had Ms. Bulthuis called Plaintiff.

58. Both Ms. Hough and Ms. Bulthuis stated they were unaware that Plaintiff was being terminated, i.e., ostensibly Populus was unaware of the decision, and the decision must have been made by someone at GM.

59. Later that day, Ms. Bulthuis called and said that Plaintiff had been terminated due to an incident that occurred on the job and due to job performance.

60. In the days that followed, Plaintiff learned that her position was replaced by Teresa Kemp (49-year-old white female).

61. In March 2023, Plaintiff filed a complaint (Case 15-CA-314707) with the National Labor Relations Board (NLRB).

## CAUSES OF ACTION

### COUNT I: VIOLATION OF TITLE VII – RACE DISCRIMINATION

62. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 61 above as if fully incorporated herein.

64. Defendants have discriminated against Plaintiff because of her race based on the facts identified above which constitutes a violation of the Title VII.

65. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, axiety and emotional distress.

66. The unlawful actions of Defendants complained of above were intentional malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and puntive damages pursuant to Title VII.

### COUNT II: VIOLATION OF RACE DISCRIMINATION - 42 U.S.C § 1981

67. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 66 above as if fully incorporated herein.

68. Defendants have discriminated against Plaintiff because of her race based on the facts identified above and is a violation of 42 U.S.C. §1981.

69. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, axiety and emotional distress.

70. The unlawful actions of Defendants complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and punitive damages pursuant to 42 U.S.C. §1981.

### COUNT III: VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

71. Plaintiff re-alleges and incorporates all averments set forth in paragraphs

1 through 70 above as if fully incorporated herein.

72. Defendants have discriminated against Plaintiff because of her age based on the facts identified above and is a violation of the Age Discrimination in Employment Act.

73. Plaintiff has suffered lost wages, benefits and other pecuniary losses.

74. The unlawful actions of Defendants complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement;
3. Compensatory damages;
4. Liquidated damages;
5. Punitive damages;
6. Attorney's fees;
7. Lost benefits;
8. Pre-judgment and post-judgment interest;
9. Costs and expenses; and
10. Such further relief as is deemed just and proper.

THIS the 2nd day of May 2023.

Respectfully submitted,

DORIS LEGGETT, Plaintiff

By: /s/Louis H. Watson, Jr.
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com